**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

In re:                              )
                                    )
RAHEL YOHANNES,                     )        Case No. 15-13659-BFK
                                    )        Chapter 7
                    Debtor.         )

**MEMORANDUM OPINION AND**
**ORDER ALLOWING TRUSTEE'S COMPENSATION**

This matter is before the Court on the Trustee's First Interim Application for

Compensation. Docket No. 96. The United States Trustee has filed an Objection. Docket No.

102. The Trustee filed a Reply Memorandum. Docket No. 103. The Court heard the arguments

of the parties on October 18, 2016. On October 21, 2016, the Court entered an Order allowing

the undisputed portion of the Trustee's commission in the amount of $24,346.81. Docket No.

107. For the reasons stated below, the Court will allow the balance of the Trustee's

compensation in the amount requested.

**Undisputed Facts**

The facts are not disputed in this case. On October 19, 2015, the Debtor filed a voluntary

petition under Chapter 13. Docket No. 1. At the time he filed his petition, the Debtor owned a

one-third interest in real property located at 133 7th Street, S.E., Washington, D.C. The property

is an apartment building, but had fallen into disrepair over the years. At the time the case was

filed there were no paying tenants and the property was being occupied by homeless persons.

This notwithstanding, the real estate is located in the Eastern Market area of Washington D.C.,

and is considered to have the potential for redevelopment.

A. *The Trustee's Sale of the Property and Settlements with the Lienholders.*

The case was converted to Chapter 7 on November 20, 2015. Docket No. 17. H. Jason Gold was appointed as the Chapter 7 Trustee. The Trustee filed an Application to Employ a Real Estate Broker, which the Court granted. Docket Nos. 39, 44. The Trustee also filed an Adversary Proceeding seeking to sell the property together with the interests of the co-owners pursuant to Section 363(h) of the Bankruptcy Code. Adv. Pro. No. 16-01043-BFK. The Court granted the Trustee's Motion for a default judgment allowing the property to be sold together with the co-owners' interests. *Id*., Docket No. 14.

On May 27, 2016, the Trustee filed a second Adversary Proceeding, this one against various lienholders whose interests appeared of record. Adv. Pro. No. 16-01086-BFK. Ultimately, the Trustee either came to settlements with the lienholders or the lienholders' interests were resolved by default judgments. Docket Nos. 89 (Order Granting Motion to Approve Settlement Between Trustee and American Guaranty and Liability Insurance Company Regarding Liens of Nicholas Chaconas, Van Yerrell and Nancy Avitabile), 99 (Order Granting Motion to Approve Settlement Between Trustee and Bayview Loan Servicing, LLC); Adv. Pro. No. 16-01086-BFK, Docket Nos. 22 (Stipulation Regarding Liens of Nicholas Chaconas, Van Yerrell and Nancy Avitabile), 24 (Stipulation Regarding Liens of Bayview Loan Servicing LLC), 25 (Order Granting Motion for Default Judgment as to certain Defendants), 31 (Stipulation Regarding Lien of Dimitri Sfakiyanudis), 35 (Order Granting Default Judgment as to Central Park Market Holdings, LLC).

On June 3, 2016, the Trustee filed a Motion to Sell the property free and clear of liens pursuant to Section 363(f) of the Code. Docket No. 56. The Court granted the Motion and approved a sale for the purchase price of $3,170,000.00 on June 30, 2016. Docket No. 77.  The

Trustee's settlement with American Guarantee and its insureds provided for a carve-out in favor

of the bankruptcy estate in the amount of $223,250.00. Docket No. 89. The Trustee's settlement

with Bayview Loan Servicing limited Bayview's secured claim to $1,100,000.00, from a claimed

$1,125,530.77. Docket No. 87.

The HUD-1 Settlement Statement for the sale of the property indicates $2,850,609.07 in

"Cash to Seller." Docket No. 93-1, Line 603. The HUD-1 also reflects a total of $236,615.00 in

closing costs chargeable to the Seller. *Id.*, Lines 502, 1400. After payment of the American

Guarantee secured claim ($775,000.00, reduced to $551,750.00 as a result of the carve-out) and

the Bayview secured claim ($1,100,000.00), the net to the estate will be in the amount of

$975,609.07.

> B.  *The Trustee's First Interim Application for Compensation.*

On September 23, 2016, the Trustee filed his First Interim Application for Compensation.

Docket No. 96. The Trustee seeks a commission under Section 326(a) of the Code in the amount

of $64,540.43. Docket No. 96. The U.S. Trustee has objected. Docket No. 102. In her Objection,

the U.S. Trustee asserts: (a) the calculation of the Trustee's commission is overstated because the

Trustee is using 100% of the secured debt on the property ($551,750.00 for America Guarantee

and $1,100,000 for Bayview Servicing), whereas the property is co-owned with two other

individuals so the Trustee should be using only 1/3 of the secured debt amounts ($183,916.66 for

American Guarantee and $366,666.66 for Bayview Servicing); and (b) the Trustee is using the

full $236,615.00 in settlement charges allocable to the Seller on the HUD-1 Settlement

Statement, but according to the U.S. Trustee, the Trustee should only be entitled to charge his

commission against one-third of the settlement charges, or $78,871.66.

3

The Trustee calculates his commission to be $64,540.43; the U.S. Trustee calculates the commission to be $24,346.81.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) (matters concerning the administration of the estate) and (B) (allowance of claims against the estate).

In the case of *In re Eidson*, 481 B.R. 380 (Bankr. E.D. Va. 2012), this Court held that, for purposes of calculating the Trustee's commission under Section 326(a), the Trustee may not include amounts payable to co-owners. In *Eidson,* the Trustee moved to sell property along with the interests of a co-owner, the Debtor's ex-spouse, pursuant to Section 363(h). The Court granted the Motion and the property was sold. When the Trustee filed his final accounting, the *pro se* Debtor objected to the Trustee's commission, essentially on the ground that the Trustee had taken too long in administering the estate. Case No. 08-13416-BFK, Docket No. 143. The Court overruled the Debtor's Objection, but during the course of the hearing, the Court *sua sponte* raised the calculation of the Trustee's commission. After allowing a Supplemental Memorandum from the Trustee on the issue (*Id.*, Docket No. 146), the Court issued its Opinion disallowing the Trustee's commission to the extent it was calculated based on the proceeds paid to the co-owners.[1]

The Court first noted in the *Eidson* Opinion that the Trustee's compensation is commission-based, which ordinarily should be allowed in the amounts set forth in Section 326(a), absent unusual circumstances. The Fourth Circuit adopted this proposition in the case of

---

[1]   The U.S. Trustee did not raise the issue of the calculation of the Trustee's commission in *Eidson*. As noted, the Court raised the issue *sua sponte* at the hearing.

*In re Rowe*, 750 F.3d 392 (4th Cir. 2014) ("we hold that, absent extraordinary circumstances, Chapter 7 trustees must be paid on a commission basis"). *See also Hopkins v. Asset Acceptance LLC (In re Salgado–Nava),* 473 B.R. 911, 921 (B.A.P. 9th Cir. 2012).

In *Eidson*, the Court based its decision, first, on the plain language of Section 363(j), which provides that, when a trustee distributes proceeds to co-owners of property sold pursuant Sections 363(g) or (h), such proceeds are to be distributed without deduction of the trustee's commission. 11 U.S.C. § 363(j). The Court viewed Section 363(j) to be the more specific statute, as opposed to the more general Section 326(a). *Id.* at 385. Further, although the two statutes raised an ambiguity as to the Trustee's compensation, the Court found that trustees' commissions should be calculated based on property of the estate distributed to parties in interest, not on proceeds distributed to third parties that do not constitute property of the estate. *Id.* at 387.

The Trustee does not seek a reversal of *Eidson* in this case. Rather, the Trustee argues that the U.S. Trustee's position is an unwarranted extension of *Eidson* in the context of proceeds payable to secured creditors and expenses of sale where there are co-owners. The U.S. Trustee, on the other hand, argues that the Trustee is seeking to limit the holding of *Eidson* by seeking compensation based on 100% of the secured debt and expenses of the sale. With *Eidson* as our guide, the Court turns to the specific issues in this case.

A.   *The Secured Debt.*

As noted above, the amount of the secured debt after the compromises reached by the Trustee totals $1,651,750.00 ($551,750.00 for America Guarantee and $1,100,000 for Bayview Servicing). The Trustee has calculated his commission based on this amount. The U.S. Trustee argues that the Trustee's commission should be based on one-third of that amount, or $550,583.33, because of the interests of the two co-owners.

5

Section 326(a) provides:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, *but including holders of secured claims.*

11 U.S.C. § 326(a) (emphasis added).

The U.S. Trustee's Objection focuses primarily on the concept, borrowed from *Eidson*, that the Trustee is not entitled to a commission for property distributed to the co-owners because the co-owners' interests are not property of the estate. The issue of "property of the estate," however, is not helpful in the current context. One would not say, for example, that the secured debt is or is not property of the estate – the secured debt is owned by the lienholders. Secured debt is, on the other hand, specifically provided for under Section 326(a) of the Code. The U.S. Trustee's position here overlooks the essential facts that: (a) the Debtor was liable for 100% of the secured debt when he signed the mortgage notes, and (b) the Debtor's one-third interest in the property is subject to liens securing 100% of the debt, not just one-third of the debt. But for payment of the secured debt in full, or the consent of the lienholders, the Trustee would not have been able to sell the property at all. 11 U.S.C. §§ 363(f)(2), (3).[2]

The Court finds that the plain language of Section 326(a) provides for calculation of the Trustee's commission based, among other things, on the payment of secured debt. There is no basis to limit the Trustee's commission where the Debtor's interest in the property is liable for repayment of 100% of the secured debt.

---

[2] Section 363(f)(3) requires that the proceeds of sale be "greater than" (not equal to) the aggregate amount of all liens on the property.

The Court will overrule the U.S. Trustee's Objection to the Trustee's First Interim Application for Compensation based on the Trustee's inclusion of the full amount of the secured debt.

B. *The Expenses of Sale.*

Unlike secured debt, expenses associated with a sale are not specifically included in Section 326(a), though Section 330(a) provides for the reimbursement of "actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B). Further, Section 363(j) specifically provides that the Trustee shall distribute to co-owners "the proceeds of sale, *less the costs and expenses*, not including any compensation of the trustee, of such sale." 11 U.S.C. § 363(j) (emphasis added). The Court assumes that when the Trustee disburses the funds to the co-owners, the co-owners will be charged with their allocable (one-third) share of the closing expenses, consistent with Section 363(j). Pursuant to Section 363(j), on the other hand, the Trustee will not be entitled to deduct any part of his commission from the co-owners' shares and, pursuant to *Eidson*, the Trustee will not be entitled to a commission based on the amounts distributed to the co-owners.

The issue presented here is whether the Trustee is entitled a commission on the expenses of sale that are allocable to the co-owners. The Court concludes that all of the expenses of sale come within the meaning of "moneys disbursed" under the plain language of Section 326(a). Further, the Court finds that it is more practical, fair and equitable to treat the expenses in the same way as the secured debt (*See* Part A, above). The expenses have to be paid out of the proceeds of sale in order for the sale to close. The Trustee is responsible for ensuring that the funds wind up in the hands of the parties legally entitled to them, including payment of the costs of sale.

7

The Court, therefore, overrules the U.S. Trustee's Objections with respect to the

Trustee's commission based on the expenses of sale to be paid out of the co-owners' proceeds.

**Conclusion**

For the foregoing reasons, it is **ORDERED**:

1.      The U.S. Trustee's Objections to the Trustee's First Interim Application for

Compensation are overruled. The Trustee is allowed an additional $40,193.62 in compensation

pursuant to 11 U.S.C. § 326(a).

2.      The Clerk will mail copies of this Order, or will provide cm-ecf notice of its

entry, to counsel below.

Date: Nov 29 2016 _____

Alexandria, Virginia

/s/ Brian F. Kenney
_____
Brian F. Kenney
United States Bankruptcy Judge

eod 11/30/2016

<u>Copies to</u>:

Rahel Yohannes
400 Cameron Station Blvd, Apt. 226
Alexandria, VA 22304
*Chapter 7 Debtor*

Gregory H. Counts
Tyler, Bartl, Ramsdell & Counts, PLC
300 North Washington St. Suite 202
Alexandria, VA 22314
*Counsel for the Chapter 7 Debtor*

H. Jason Gold
Nelson Mullins Riley & Scarborough LLP
101 Constitution Avenue, N.W., Suite 900
Washington, DC 20001
*Chapter 7 Trustee*

Bradley David Jones
Office of the United States Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314
*Counsel for the U.S. Trustee*